**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10516

————————————————

WINSTON LLOYD HAYLES,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A079-401-949

————————————————

Before WILLIAM PRYOR, Chief Judge, and BRASHER and ABUDU, Circuit Judges.

BRASHER, Circuit Judge:

The question in this appeal is whether a court of appeals has jurisdiction over an immigrant's petition for review of the Board of

Immigration Appeals when the petition challenges the denial of relief under the Convention Against Torture but not an underlying removal order. The Ninth Circuit recently answered this question in the negative. *See Navarrete v. Bondi*, 170 F.4th 1214, 1221 (9th Cir. 2026). We agree and adopt the same rule.

Jamaican citizen Winston Hayles committed aggravated felonies in the United States. Before he was deported, Hayles told an asylum officer that he feared he would experience torture if deported, which could qualify him for deferral of removal under the CAT. An immigration judge denied CAT relief, and the Board of Immigration Appeals affirmed. In separate administrative proceedings, the Department of Homeland Security issued a final administrative removal order against Hayles. Hayles filed a pro se petition for judicial review of the Board's CAT decision, but his petition pointedly did not challenge the administrative removal order. Because we lack jurisdiction to review the denial of CAT relief unless we are simultaneously reviewing a final removal order, we hold that we lack jurisdiction over Hayles's petition and dismiss it.

## I.

Winston Hayles unlawfully entered the United States, allegedly due to fear of political persecution in Jamaica. Once in the United States, Hayles was convicted of voluntary manslaughter and battery (among other crimes) after killing a man in Georgia. He was sentenced to 20 years in prison for these convictions.

Upon Hayles's release, DHS detained him for administrative removal proceedings because he had committed aggravated felonies. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). During these proceedings, Hayles expressed a fear of returning to Jamaica, so an asylum officer referred him to separate withholding-only proceedings in which an immigration judge would determine whether he merited withholding or deferral of removal under the CAT.

The CAT permits individuals to avoid or defer removal to a country if they can prove that it is more likely than not that they will be tortured if sent there. *See* 8 C.F.R. § 1208.16(c)(2). An applicant must also prove that the torture would be by or with the acquiescence of a public official (or other person acting in an official capacity). 8 C.F.R. § 1208.18(a)(1). To evaluate CAT eligibility, an immigration judge considers a variety of evidence, including an applicant's ability to relocate to a safe area. 8 C.F.R. § 1208.16(c)(3)(ii). Because Hayles had committed an aggravated felony, he was eligible only for deferral—not withholding—of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2)(i).

Based on the above legal framework, an immigration judge denied Hayles's application for CAT relief. Hayles appealed to the Board of Immigration Appeals, which affirmed on November 8, 2023. Meanwhile, DHS had issued a final administrative removal order on July 13, 2023.

Several months later, Hayles filed a pro se petition for judicial review in this Court to challenge the denial of CAT relief. In

his petition, Hayles states that he is appealing "the order of deportation issued by the Board of Immigration Appeals on [] 11/8/2023." Dkt. 1-2 at 1. He then argues that we should reverse the immigration judge and Board of Immigration Appeals because they failed to recognize certain facts that made his CAT claim meritorious. For example, he argues they ignored his allegations that the Jamaican police don't wear uniforms and act as part of political hit squads. He adds that they also ignored the link between Jamaican gangs and political parties. And finally, Hayles points out, they overlooked that Hayles could not avoid torture by relocating because he had previously tried relocating and it was unsuccessful. Hayles's petition also articulates that the Board committed "a clear denial of due process," and reiterates that the case "was decided on [] 11-8-2023." *Id.* at 2–3.

Under 8 U.S.C. § 1252(b)(1), petitions for judicial review must be filed no later than 30 days after the date of the final order of removal. In his petition, Hayles acknowledged that his petition was untimely under this 30-day deadline. But he argued that he could not file sooner because of DHS's failure to send the Board's decision to the correct detention center and because of his pro se status.

Hayles also filed a motion for stay of removal. The stay was denied, and he was deported.

Later, we appointed lawyers at the Immigration Clinic at the University of Miami Law School to represent Hayles.[1] They filed briefs raising two claims. The first was a procedural due process claim, arguing that DHS violated its own regulations by not ensuring that Hayles received a list of pro bono counsel as part of the removal proceedings. *See* 8 C.F.R. § 238.1(b)(2)(iv). The second claim argued that the immigration judge and Board of Immigration Appeals erred by concluding that it was unlikely Hayles would be tortured if returned to Jamaica.

We ordered supplemental briefing on whether we have jurisdiction to consider Hayles's petition for judicial review.

## II.

Even if we must raise the issue *sua sponte*, we must determine "whether we have jurisdiction to entertain [a] petition for review." *Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1240 (11th Cir. 2016) (citation modified). We review questions of our jurisdiction *de novo*. *United States v. Alhindi*, 124 F.4th 869, 873 (11th Cir. 2024).

## III.

Before addressing the merits of Hayles's arguments, we must start with our jurisdiction. After we *sua sponte* raised the issue of our jurisdiction, the government argued that we should dismiss

---

[1] We thank them for their service to their client and the Court.

Hayles's petition. The government's position is that a court of appeals may review a petition for judicial review only if the petition challenges a final removal order. According to the government, although a court may consider the denial of CAT relief in reviewing a final removal order, a court may not review the denial of CAT relief alone. Because Hayles's petition for review did not appeal his final order of removal but was instead directed exclusively at the order denying CAT relief, the government reasons that we lack jurisdiction to review it.

In response, Hayles argues that we have jurisdiction for three reasons. First, Hayles says that we have jurisdiction to resolve petitions for judicial review even if they merely challenge the denial of CAT relief unrelated to a final removal order. Second, he argues his pro se petition did, in fact, challenge his final removal order. Third, he implicitly suggests that he should be allowed to amend his petition to conform to his briefs, which make an argument about his final removal order.

We will address each issue in turn. Ultimately, we agree with the government that we should dismiss Hayles's petition for lack of jurisdiction.

*A.*

We will start with the relevant immigration statutes that govern our jurisdiction over a petition for review. Our jurisdiction over immigration proceedings is defined by "three interlocking statutes" that funnel our review of CAT orders into our review of final orders of removal. *See Nasrallah v. Barr*, 590 U.S. 573, 579

(2020). The government argues that, under these three statutes, we lack jurisdiction over any petition for review that does not challenge a final order of removal, even if the petition challenges the separate denial of CAT relief. We agree.

The first of these three statutes is the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which permits judicial review of a final removal order through a petition for review. *See* 8 U.S.C. § 1252(a)(1). A final removal order is a deportation order that has become final. 8 U.S.C. § 1101(a)(47). A deportation order follows a determination that an alien is deportable. 8 U.S.C. § 1229a(a)(1). One reason an alien may be deportable is that the alien has been convicted of an aggravated felony, as Hayles has been. 8 U.S.C. § 1227(a)(2)(A)(iii).

"An order denying relief under the CAT is not a final order of removal . . . ." *Riley v. Bondi*, 606 U.S. 259, 269 (2025); *see also Nasrallah*, 590 U.S. at 579–80. But the Act also states that "all questions of law and fact . . . arising from any [removal] action . . . shall be available only in judicial review of a final order under [section 1252(a)(1)]." IIRIRA § 306(a)(2), 110 Stat. 3009–610; 8 U.S.C. § 1252(b)(9). This provision is termed the "zipper clause" because it consolidates judicial review of immigration proceedings into one action in the court of appeals. *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 230 (2020). So, even though a CAT order is not a final order of removal, the Supreme Court has held that we may review the denial of CAT relief because "questions of law and fact . . . arising

from any action" include CAT determinations. *See Nasrallah*, 590 U.S. at 579–80.

The second statute is the Foreign Affairs Reform and Restructuring Act of 1998, which made section 1252(a)(1) the only path for obtaining judicial review of CAT orders. Foreign Affairs Reform and Restructuring Act § 2242(d), 112 Stat. 2681–822, note following 8 U.S.C. § 1231 ("[N]othing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under [the CAT] or this section . . . except as part of the review of a final order of removal pursuant to [8 U.S.C. § 1252].").

The third is the REAL ID Act of 2005, which reaffirms that "a petition for review . . . shall be the sole and exclusive means for judicial review of any cause or claim under [the CAT]." REAL ID Act § 106(a)(1)(B), 119 Stat. 310; 8 U.S.C. § 1252(a)(4). The Act also added a sentence to the end of the "zipper clause" confirming exclusive jurisdiction. 119 Stat. 311; 8 U.S.C. § 1252(b)(9) ("Except as otherwise provided in this section, no court shall have jurisdiction, . . . to review such an order or such questions of law or fact.").

The Ninth Circuit recently held that, based on this legal landscape, a court of appeals has no jurisdiction to review CAT claims "independent of challenges to final orders of removal." *Navarrete*, 170 F.4th at 1221. The Third Circuit has since held the opposite, concluding that the jurisdictional statute 8 U.S.C. § 1252(a)(4) grants us jurisdiction over a withholding-only order. *Laureano v. Att'y Gen.*, No. 24-2433, slip op. at \*3–5 (3d Cir. May 29,

2026). We agree with the Ninth Circuit. The three interlocking statutes defining our jurisdiction over a petition for review instruct that: (1) we can review CAT orders only insofar as we are addressing "questions of law and fact" arising from "any action or proceeding brough to remove an alien," 8 U.S.C. § 1252(b)(9); (2) we can review CAT orders only through a petition for judicial review, 8 U.S.C. § 1252(a)(4); and (3) we can review final orders of removal only through a petition for judicial review, 8 U.S.C. § 1252(a)(1). The upshot is that we cannot review the denial of CAT relief unless there is a petition for review of a final removal order.

Hayles's counterarguments are meritless. One counterargument is that Congress must make a clear statement to deprive litigants of judicial review, and section 1252 lacks such a clear statement. We disagree. Even assuming that such a clear statement rule applies in the immigration context, the statutes are clear that our review of CAT claims may come only through a review of final order. These statements include 8 U.S.C. § 1252(b)(9), specifying that questions of law and fact (such as CAT orders) arising from removal actions "shall be available only in judicial review of a final order," and FARRA section 2242(d), stating that "nothing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under the [CAT] . . . except as part of the review of a final order of removal." 112 Stat. 2681–822, note following 8 U.S.C. § 1231.

We also discount Hayles's argument (which the Third Circuit also adopted in *Laureano*, *see* No. 24-2433, slip op. at *3–4) that

courts often exercise jurisdiction over CAT claims even when a petition for review does not challenge a final removal order. Although Hayles appears to be correct that we and the Supreme Court have exercised jurisdiction over such petitions, *see Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1240 (11th Cir. 2004); *Riley*, 606 U.S. at 264–65, a court's failure to *sua sponte* identify a jurisdictional problem is not precedent. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *United States v. Jackson*, 55 F.4th 846, 853 (11th Cir. 2022) (citation modified). Neither we in *Reyes-Sanchez* nor the Supreme Court in *Riley* considered our statutory jurisdiction, and we cannot infer anything about jurisdiction based on that silence.

In short, "we have not been granted any jurisdiction to hear CAT claims independent of challenges to final orders of removal." *Navarrete*, 170 F.4th at 1221. We thus hold that judicial review of the denial of relief under the CAT is available only if a petition for review challenges a final removal order.

### B.

We now turn to Hayles's second contention. He says that his pro se petition for review should be read to challenge his July final order of removal in addition to the Board's November denial of CAT relief. We disagree.

For starters, our statutory jurisdiction is based on the words in a petition for review. The statute preserves our power of "review of constitutional claims or questions of law *raised upon a petition for*

*review* filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). The statute does not define "raised upon," so we give this term its "ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). The word "raise" is defined as "to bring up for consideration" or to "offer as an objection, a problem, or a significant point." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1877 (2002). The word "upon" is defined as "on," *id.* at 2517, and "on" is defined as a "source or support or basis on which something (as an action, opinion) turns or rests." *Id.* at 1574. Put together, "raised upon a petition for review" means to bring up in the petition clearly enough that the reader can understand that the petition is the basis for the claim. The statute later provides that a "petition for review" is "the sole and exclusive means for judicial review" of an order of removal. 8 U.S.C. § 1252(a)(5); *cf. Monsalvo v. Bondi*, 604 U.S. 712, 721–23 (2025) (reading the petition to discern whether jurisdiction over the petition existed).

Turning to Hayles's pro se petition, we cannot say it challenges his July final order of removal at all. We are mindful that we must liberally construe Hayles's pro se petition. *See Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1331 n.2 (11th Cir. 2019). But even applying a liberal construction, there is no plausible way to read his petition as challenging his final removal order. His petition twice references the date November 8, 2023, which is the date that the Board of Immigration Appeals affirmed denial of CAT relief. He says that he is seeking "review of the order of deportation issued by the Board of Immigration Appeals on the 11/8/2023" and that "this case was

decided on the 11-8-2023 by the Board of Immigration Appeals." Dkt. 1-2 at 1–3. The petition never mentions the date of the final administrative removal order: July 13, 2023. And although the petition says the words "order of deportation," it is in the context of the clause: "the order of deportation issued by the Board of Immigration Appeals on [] 11/8/2023." *Id.* at 1.

Nor is there any way to read the substantive arguments in Hayles's petition as challenging his final removal order. For example, his petition asserts that the Board of Immigration Appeals and immigration judge failed to acknowledge his allegation that the Jamaican police are ununiformed members of a political hit squad. But this argument relates to his burden under the CAT of establishing that a public official will likely acquiesce or participate in his torture. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). His petition also asserts that the Board and immigration judge ignored his evidence that Jamaican gangs are linked to political parties. This argument, too, relates to his CAT burden of linking torture to government involvement. Lastly, his petition asserts that the Board and immigration judge failed to acknowledge that Hayles's attempts to relocate within Jamaica did not help him avoid political persecution. This argument relates to his CAT burden of establishing that relocation would not help him to avoid torture in Jamaica. *See id.* § 1208.16(c)(3)(ii). None of these arguments address why he was ordered removed in July: his aggravated felony convictions. *See* 8 U.S.C. § 1227(a)(2)(A)(iii).

Finally, there is no plausible way to read Hayles's petition as raising the procedural due process arguments about his removal order that his briefing later raises. In his appellate briefing, Hayles asserts that DHS denied him procedural due process by failing to provide him with a list of pro bono attorneys. Hayles says that his petition previewed this claim by mentioning due process and the fact that he was pro se. But his petition's mention of due process follows a discussion of errors in his withholding-only proceedings, not his removal proceedings. And even though Hayles's petition mentions that he "is pro-se," it does so as part of an explanation of why he "was prevented from timely filing this petition." Dkt. 1-2 at 3.

Hayles's petition fails to articulate any due process or other legal challenge to his removal order. Hayles's petition is very specific: he is challenging the November order of the Board that denied his request for deferral of removal under the CAT. Although we must construe this pro se petition liberally, *see Ali*, 931 F.3d at 1331 n.2, we cannot rewrite it, *see In re Ellingsworth Residential Cmty. Ass'n*, 125 F.4th 1365, 1377 (11th Cir. 2025) (explaining that we cannot "rewrite an otherwise deficient pleading in order to sustain an action") (citation modified). We thus cannot say that Hayles's petition challenges a final order of removal.

## C.

We now turn to Hayles's final argument. His briefing raises a procedural due process claim based on his removal order, and he

says that his briefing can ameliorate his petition's failure to challenge the final removal order. He suggests that his briefing has already amended his petition or, implicitly, that we should give him formal leave to amend. We disagree.

For starters, Hayles cannot use briefing to amend his petition. The judicial review statute defines our jurisdiction based on the petition. *See* 8 U.S.C. § 1252(a)(2)(D) (preserving our review over claims "raised upon a petition for review"). There is no basis for defining our jurisdiction based on anything else. We prohibit parties from adding claims through briefing in other contexts. At summary judgment, for example, we don't allow amendments to the complaint through briefing. *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1337–38 (11th Cir. 2024). Hayles cannot amend his petition simply by filing a brief.

As for Hayles's implicit request to amend his petition, we cannot see how an amendment would be justified here. We'll assume without deciding that we could permit Hayles to amend his petition at this point of the proceedings. *Cf.* FED. R. APP. P. 4(a)(4)(B)(ii)–(iii) (referencing an "amended notice" of appeal); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988) (referencing a petitioner's failure to "seek leave to amend the notice of appeal within the time limits set by Rule 4"). Even with that assumption, we would still deny the proposed amendment. Because his challenge to the final order of removal is frivolous, it could not invoke our jurisdiction. *Rubinstein v. Yehuda*, 38 F.4th 982, 993 (11th Cir. 2022); *.see Navarrete*, 170 F.4th at 1225 (denying request to amend

petition where the removal order claim was "baseless and frivo-lous" and could not "invoke [the court's] jurisdiction").

Hayles says that he would like to challenge his removal or-der on the grounds that DHS violated his procedural due process rights by failing to ensure that he received a list of pro bono law-yers. Regulations require DHS to provide aliens a "list of available free legal services programs." 8 C.F.R. § 238.1(b)(2)(iv). Absent "ev-idence to the contrary, we presume that an agency has acted in ac-cordance with its regulations." *Sierra Club v. U.S. Army Corps of Eng'rs*, 295 F.3d 1209, 1223 (11th Cir. 2002) (citation modified). No evidence in the record supports Hayles's contention about the pro bono list. Instead, to the extent the record reflects anything on this point, it suggests that the agency followed the regulation. Hayles twice affirmed that he had been provided with a list. *See* Adminis-trative Record at 397 (checking a box on his application for with-holding of removal to affirm that he had received such a list), 437 (affirming to the asylum officer that he had received a list). And the record reflects that a notice was mailed to Hayles with a URL where he could find "a list of free legal service providers who may be able to assist you." *Id*. at 469.[2]

An even more fundamental problem is that Hayles has not

---

[2] The website address, originally listed as "https://www.justice.gov.eoir.list-pro-bono-legal-service-providers," Administrative Record at 469, appears to have been updated. *See EOIR's List of Pro Bono Legal Service Providers*, DEPARTMENT OF JUSTICE, https://www.justice.gov/eoir/List-of-Pro-Bono-Legal-Service-Providers-icor [https://perma.cc/AQU7-7U67] (last visited on May 6, 2026).

identified how the list of attorneys could have helped him defeat the removal order. Hayles was deported because he committed multiple serious crimes, including manslaughter. Hayles is not eligible for permanent residence because he was "convicted of 2 or more offenses . . . for which the aggregate sentences to confinement were 5 years or more." 8 U.S.C. § 1182(a)(2)(B). And he is not eligible for an adjustment of status because he is not eligible for permanent residence. 8 U.S.C. § 1255(a). Nothing about the attorney list would have changed the outcome of Hayles's removal proceedings.

## IV.

For the foregoing reasons, Hayles's petition for judicial review is **DISMISSED**.

24-10516  ABUDU J., Concurring in Part and Dissenting in Part      1

ABUDU, Circuit Judge, Concurring in part and Dissenting in part:

I agree with the Majority Opinion that Winston Hayles' "challenge to the final order of removal is frivolous." I dissent in part because, although the Majority's interpretation of 8 U.S.C. § 1252(a)(1) and 8 U.S.C. § 1101(a)(47)(A) is reasonable, a challenge under the Convention Against Torture ("CAT") is inherently a challenge to the execution of the final order of removal and, thus, triggers our jurisdiction to review that order.

## I.  CAT PETITIONS ARE NECESSARILY CHALLENGES TO REMOVAL ORDERS

Congress has provided that judicial review generally occurs through review of a final order of removal. 8 U.S.C. § 1252(a)(1). A final order of removal is an order "concluding that the alien is deportable or ordering deportation." *Id.* § 1101(a)(47)(A). It becomes final when the Board affirms the order or the time for seeking administrative review expires. *Id.* § 1101(a)(47)(B); *Riley v. Bondi*, 606 U.S. 259, 267 (2025). As a general matter, these orders specify both *when* removal will occur and to *where* the noncitizen will be removed. CAT determinations are not themselves final orders of removal because they do not determine removability; rather, they govern whether and how an existing removal order may be executed. *Nasrallah v. Barr*, 590 U.S. 573, 582 (2020); *Johnson v. Guzman Chavez*, 594 U.S. 523, 531 (2021).

The Majority Opinion correctly observes that CAT protection is distinct from removability. However, that distinction should not defeat jurisdiction; instead, it defines the relationship

2  ABUDU, J., Concurring in Part and Dissenting in Part    24-10516

between the removal order and CAT relief. A final order of removal authorizes the Government to deport a noncitizen from the United States. 8 U.S.C. § 1101(a)(47)(A); *Riley*, 606 U.S. at 267. A CAT determination does not alter that authorization, vacate the order, reopen proceedings, or negate removability. *Nasrallah*, 590 U.S. at 582. It limits only the country to which the order may be executed. *Id.* Properly understood, a CAT claim presupposes a valid removal order and challenges the Government's authority to execute that order in a specific way. The claim does not sit apart from the removal order; it targets the order's execution. The petitioner accepts that removal has been ordered but contends that the order cannot lawfully be carried out as to a designated country. The legal question—whether removal may proceed to a specific country—exists only because a removal order exists. It, therefore, arises from that removal order and cannot be separated from it.

The statutory scheme supports this interpretation. Section 1252(a)(1) requires only the existence of a final order of removal. 8 U.S.C. § 1252(a)(1). It does not require a separate challenge to removability or to every aspect of the order. *Id.* Section 1252(a)(4) channels CAT claims into the petition-for-review process, while Section 1252(b)(9) consolidates review of "all questions of law and fact" arising from removal proceedings. 8 U.S.C. § 1252(a)(4), (b)(9). The Third Circuit recently recognized as much, holding it had jurisdiction over CAT claims arising from an undisputed final order of removal. *Laureano v. Att'y Gen.*, No. 24-2433, ___F.4th___, 2026 WL 1502683, at *3–5 (3d Cir. May 29, 2026). That conclusion reflects the statute's structure: once a final order of removal exists,

24-10516  ABUDU J., Concurring in Part and Dissenting in Part     3

Section 1252 authorizes review of legal constraints on its execution, including CAT-based limitations on where removal may be carried out.

This understanding reflects the nature of CAT relief itself. CAT relief operates as a constraint on the order's execution, not as a separate or collateral proceeding.   8 C.F.R. §§ 1208.16(f), 1208.17(b)(2); *Nasrallah*, 590 U.S. at 582.  A noncitizen may have a substantial challenge to the denial of CAT protection while having no good-faith basis to dispute removability.  As such, the CAT claim necessarily arises from the removal order's operative effect and falls within Section 1252's jurisdictional grant.

Given those premises, it is understandable why some courts have concluded that a petitioner seeking review of a CAT determination must also challenge the underlying order of removal.  *See, e.g.*, *Navarrete v. Bondi*, 170 F.4th 1214, 1221 (9th Cir. 2025*), en banc reh'g pending*, No. 24-2776, Dkt. No. 56 (9th Cir. May 14, 2026). However, neither the statutory text nor the Supreme Court's majority opinion in *Riley* adopts that requirement.  *Riley* addressed two questions: whether a withholding-only order constitutes a final order of removal and whether Section 1252(b)(1)'s filing deadline is jurisdictional. 606 U.S. at 263–64.  It did not address whether CAT review depends on a separate challenge to removability.  *Id.* at 264–72.  Instead, *Riley* described petitioners who accept removability but only seek protection from removal to a particular country.  There, the petitioner did not contest removability; he sought only CAT protection from removal to Jamaica.  *Id.* at 264–66.  The

4  ABUDU, J., Concurring in Part and Dissenting in Part    24-10516

Court explained that courts of appeals may hold petitions brought by individuals who "wish only to contest removal to their native country" until withholding-only proceedings are reviewable. *Id.* at 271–72.

That description is difficult to reconcile with the rule the Ninth Circuit adopted in *Navarrete* and which the Majority Opinion embraces. If failure to contest removability deprived courts of jurisdiction, there would be no need for the Court to explain how petitions raising only CAT claims should be handled. *Laureano,* 2026 WL 1502683 at *4 n.11. To be sure, Justice Thomas suggested in his *Riley* concurrence that the zipper clause should require that the review of CAT claims be tied to review of a removal order. *Riley,* 606 U.S. at 278–81 (Thomas, J., concurring). *Navarrete* expressly relied on that view. 170 F.4th at 1220–22. However, the *Riley* majority did not adopt that reasoning despite the opportunity to do so. 606 U.S. at 264–72; *Laureano,* 2026 WL 1502683, at *4 n.11 ("Although the *Riley* concurrence raised the zipper clause as an obstacle to jurisdiction . . . the Majority of the Court obviously disagreed as it remanded for further appellate court proceedings.").

## II.  RECOGNIZING JURISDICTION CREATES NO DISADVANTAGE TO THE GOVERNMENT

The practical operation of CAT protection further confirms that Congress did not condition judicial review on a separate challenge to removability. Furthermore, asserting jurisdiction imposes no meaningful burden on the Government. The Government already has obtained a final order of removal and fully litigated the

24-10516  ABUDU J., Concurring in Part and Dissenting in Part    5

CAT issue in administrative proceedings as a party to the case. 8 U.S.C. §§ 1252(a)(1), (b)(4).  If CAT protection was improperly denied, the Government may still execute the removal order consistent with applicable law.[1]  *Nasrallah*, 590 U.S. at 582.

### III. CONCLUSION

Given that a CAT claim arises from the execution of a final order of removal and, therefore, falls within the scope of review under 8 U.S.C. § 1252, courts of appeals should exercise jurisdiction over these petitions.

---

[1] The Majority Opinion's rule would require noncitizens to assert unnecessary, meritless challenges solely to preserve judicial review.  *Monsalvo v. Bondi*, 604 U.S. 712, 720–22 (2025) (explaining that Section 1252 does not require petitioners to manufacture or append irrelevant challenges to secure judicial review).  The same burden would fall on the Government.  If an IJ grants CAT relief and the BIA affirms, the Government could not simply seek review of the CAT determination; it would instead have to file a prospective, protective petition challenging the underlying removal order even when removability is undisputed—and even when it prevailed on removability.  The Supreme Court acknowledged that parties seeking review of CAT-related determinations may need to petition for review before CAT proceedings conclude and that courts of appeals can hold those petitions while the CAT issues are resolved.  *Riley*, 606 U.S. at 272.  Yet, it did not say that was jurisdictionally required.  Extending that framework here would require *all* parties to challenge undisputed removal orders solely to preserve review of a distinct CAT determination, an approach that serves neither efficiency nor Congress's design.